IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GALEN I. SWIFT, FAY V. SWIFT, MAX
ARCHULETA, SUSAN ARCHULETA, GORDON
H. CRAWFORD, CLELA FRANCIS
CRAWFORD, ED HANNA, HARRISON E.
LASH, JR., and VERA THOMAS, on their own
behalf and as representatives of a class of similarly
situated persons,

       Plaintiffs,

  vs.                                                       No. CIV 99-845 LH/RLP

THE PUBLIC EMPLOYEES RETIREMENT
ASSOCIATION OF NEW MEXICO, THE PUBLIC
EMPLOYEES  RETIREMENT BOARD, ANGELA
L. ADAMS, SUSAN BIERNACKI, FABIAN
CHAVEZ, DOUG CRANDALL, LOU HOFFMAN,
STEPHANIE JORGENSEN, ROBERT
MASCARENAS, MICHAEL A. MONTOYA,
DANNY SANDOVAL, JEFF A. VARELA,
REBECCA VIGIL-GIRON,   THE BOARD OF
COUNTY COMMISSIONERS OF THE COUNTY
OF SAN JUAN, WALLACE CHARLEY, MARK
DUNCAN, JACK FORTNER, STEVE NEVILLE,
and WILSON RAY

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' (The Board of County Commissioners of the County of San Juan, Wallace Charley, Mark Duncan, Jack Fortner, Steve Neville and Wilson Ray, hereafter  "County Defendants") Motion for Summary Judgment(Docket No. 23),  filed February 3, 2000.  The Court, having considered the pleadings submitted by the

parties, the arguments of counsel, and otherwise being fully advised, finds that the motion is well taken and shall be **granted**.

### BACKGROUND

Plaintiffs are members of the San Juan County Navajo Dam Volunteer Fire Department. (Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J. ¶ 2 p.3.)  County Defendants are the Board of County Commissioners of San Juan County and the individual commissioners in their individual and official capacities. Plaintiffs allege that County Defendants violated the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.* by denying retirement benefits to Plaintiffs. County Defendants claim they have not performed any discriminatory act upon which liability may be based.

The (Volunteer Firefighters Retirement Act) VFRA establishes the "volunteer firefighters retirement fund in the state treasury" from which retirement benefits are paid to volunteer firefighters who meet eligibility. N.M. STAT. ANN. § 10-11A-3 through 10-11A-5 (Michie 1978). To qualify for retirement benefits under the VFRA volunteer firefighters must have accumulated their first year of service credit before reaching the age of forty five. N.M. STAT. ANN. § 10-11A-2 (Michie 1978). Volunteer firefighters must also have a minimum of ten years of service credit by the time he/she attains the age of fifty-five. N.M. STAT. ANN. § 10-11A-5 (Michie 1978).    Plaintiffs filed applications for retirement benefits with Defendants Public Employees Retirement Association (PERA) and Public Employees Retirement Board (PERB)[1]. Defendants PERA and PERB denied

---

[1] Based on recent pronouncements of the United States Supreme Court in *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S. Ct. 631 (January 11, 2000), Plaintiffs have voluntarily dismissed all claims against the PERA and PERB Defendants. (*See* Amended Order Granting Stipulated Dismissal, Docket No. 32, filed April 19, 2001.)

Plaintiffs' applications for retirement benefits because Plaintiffs were over the age of forty-five years at the time they accumulated their first year of service credit. (First Am. Compl. ¶ 20.)

## LEGAL STANDARD

The party seeking summary judgment bears the initial burden of showing there is no disputed issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the burden shifts to the non-movant to show specific facts supporting a genuine issue for trial as to all of the essential elements of the case. *Id.* at 324. "The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the non-movant presents facts such that a reasonable jury could find in favor of the non-movant." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

In order to establish a prima facie case of discrimination under the ADEA, Plaintiff must show that they: (1) are members of a class protected by the statute; (2) suffered an adverse employment action; (3) were qualified for the position at issue; and (4) were treated less favorably than others not in the protected class. *Bullington v. United Air Lines, Inc.,* 186 F.3d 1301, 1315-1316 (10th Cir. 1999).

## DISCUSSION

County Defendants move for summary judgment on the basis that they did not participate in the alleged violation of the ADEA. County Defendants set forth the following facts in support of their motion. The VFRA provides that the program shall be administered by the retirement board of PERA. N.M. STAT. ANN. § 10-11A-2 and 10-11A-4 (Michie 1978). San Juan County determined no eligibility requirements for benefits; made no contribution to the volunteer firefighters retirement

fund; made no election to participate in the program; and other than ensuring that forms regarding length of service credits are filled out and submitted so that PERA can determine who is eligible, had no involvement whatsoever with administration of the retirement fund. (Defs.' Memo in Supp. of Mot. for Summ. J. ¶ 5.) Plaintiffs do not dispute these facts for the purposes of this motion only. (Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J., p.2.) Furthermore, Plaintiffs show no specific facts to support their allegations that County Defendants treated Plaintiffs less favorably then the other firefighters. Accordingly, County Defendants are entitled to judgment as a matter of law. Because all of the claims of the First Amended Complaint have been dismissed, this case shall be dismissed.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment (Docket No. 23), filed February 3, 2000 is **granted.**

**IT IS ALSO ORDERED** that this case is **dismissed.**

_____
**UNITED STATES DISTRICT JUDGE**